IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Carolyn Brantley, | ) |
|         Plaintiff, | ) |
| v. | ) Civil Action No. 9:19-0490-BHH |
| | ) **ORDER** |
| Nationstar Mortgage LLC and | ) |
| Scott and Corley P.A., | ) |
|         Defendants. | ) |

Plaintiff Carolyn Brantley ("Brantley") filed this pro se action in February of 2019, alleging claims related to a state court foreclosure action involving real property in Jasper County, South Carolina. In August of 2019, Defendant Nationstar Mortgage LLC ("Nationstar") and Defendant Scott and Corley P.A. ("Scott and Corley") both filed motions to dismiss Plaintiff's complaint. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for preliminary determinations.

On October 8, 2019, Magistrate Judge Bristow Marchant issued a Report and Recommendation ("Report"), outlining the issues and recommending that the Court grant Defendants' motions to dismiss. Plaintiff filed objections to the Report, and Defendants filed responses to Plaintiff's objections. For the reasons set forth below, the Court adopts the Magistrate Judge's Report and grants Defendants' motions to dismiss.

## **STANDARDS OF REVIEW**

### **I.    The Magistrate Judge's Report**

The Magistrate Judge makes only a recommendation to the Court. The

recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## II. Federal Rule of Civil Procedure 12(b)(1)

Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss a cause of action based on lack of subject-matter jurisdiction. "Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Brickwood Contractors, Inc. v. Datanet Engineering, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)). Generally, at the motion to dismiss stage, a district court must accept the allegations of the complaint as true and construe all inferences in a plaintiff's favor. However, "[w]here the motion to dismiss is based on a claim of foreign sovereign immunity, which provides protection from suit and not merely a defense to liability, . . . the court must engage in sufficient pretrial factual and legal determinations to satisfy itself of its authority to hear the case before trial." *Burnett*

2

*v. Al Baraka Inv. and Devel. Corp.*, 292 F. Supp. 2d 9, 14 (D.D.C. 2003) (internal citations and quotation marks omitted). To this end, the court must look beyond the parties' pleadings to resolve any factual disputes that are essential to its decision to retain jurisdiction or dismiss the action. *See id.* (citations omitted). If the court lacks subject matter jurisdiction, it has no authority to evaluate whether a plaintiff's complaint fails to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1997) (instructing that courts should not assume jurisdiction for the purpose of deciding the merits).

### III. Federal Rule of Civil Procedure 12(b)(6)

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). As the Supreme Court held in *Bell Atl. Corp. v. Twombly*, the pleading standard set forth in Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. 544, 555 (2007)). Thus, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of a plaintiff's complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The "complaint must contain sufficient factual matter, accepted

3

as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. *Id.* When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## DISCUSSION

As previously mentioned, Plaintiff's claim arise out of a state court foreclosure action brought by Defendant Nationstar involving real property owned by Plaintiff in Jasper County, South Carolina. Defendant Scott and Corley represented Nationstar in the foreclosure action, and Plaintiff alleges on the first page of her complaint that she is suing Defendants for:

> damages, civil rights violations under 42 U.S.C. especially §§ 1983 and 195, constitutional violations, Racketeer Influenced Corrupt Organizations ["RICO"] Act violations, consumer rights violations, threat of force, Federal Debt Collection Act (FDCA) violations, fraud, fraud upon the court, mail fraud, Federal Trade Commission Act (FTCA) violations especially section 5: fair or deceptive acts or practices, theft of property Truth in Lending (TILA) violations, illegal foreclosure, USC 18 § 1006 making false entries with intent to defraud, violation of the Hobbs Act, violation of Consumer Fraud and Deceptive Trade Practices Act, double dip fraud, grand larceny of the estate, demand for trial by jury.

(ECF No. 1 at 2.)

As the Magistrate Judge explained in his Report, "the Complaint is fairly characterized of being composed of what some courts have described as 'buzz words' or 'legalistic gibberish.'" (ECF No. 31 of 7.) Thus, most of Plaintiff's complaint is "so generally incomprehensible or filled with what could only be considered by a reasonable person as unconnected, conclusory, and unsupported comments or 'gibberish.' (*Id.*) Nevertheless,

4

the Magistrate Judge thoroughly evaluated Plaintiff's claims in the light most favorable to her, as the non-moving party, and ultimately found that: (1) Plaintiff's conclusory allegations were insufficient to invoke federal jurisdiction; (2) this action, which arises out of a state court foreclosure action, is barred by the doctrine of *res judicata*; (3) Plaintiff's claims are also barred by collateral estoppel; (4) the Court lacks subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine, which bars lower federal courts from reviewing issues actually decided by a state court as well as issues "inextricably intertwined" with questions rule on by the state court; (5) regardless of the foregoing, Defendant Scott and Corley is entitled to immunity with respect to actions arising out of the firm's representation of Nationstar; (6) the FTC does not allow for a private cause of action; (7) Plaintiff's claims pursuant to the FDCPA are barred by the Act's one-year statute of limitations; (8) Nationstar is not a "debt collector" under the FDCPA; (9) Plaintiff's claims under the TILA are barred by the statute of limitations; (10) Plaintiff has no private right of action with respect to her allegations that Defendants violated criminal statutes; and (11) Plaintiff's various other allegations fail to state a claim upon which relief may be granted. Based on these findings, the Magistrate Judge recommends that the Court grant Defendants' motions to dismiss.

Plaintiff filed written objections to the Magistrate Judge's Report. Importantly, however, Plaintiff's objections do not specifically address the Magistrate Judge's findings. For example, nowhere in her objections does Plaintiff address the Magistrate Judge's findings that her claims are barred by *res judicata* and collateral estoppel, or the Magistrate Judge's finding that the Court lacks subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine. In fact, Plaintiff's objections–like her complaint–can be fairly categorized

5

as "buzz words" and "legalistic gibberish," most of which is largely nonsensical. Moreover, large portions of Plaintiff's objections are simply cut and pasted from her response in opposition to Defendants' motions.[1] (*Cf.* ECF Nos. 23 and 33.) In all, the Court finds Plaintiff's objections wholly without merit, and the Court agrees with the Magistrate Judge's thorough analysis and finds that this case is subject to dismissal for the myriad reasons set forth in the Magistrate Judge's Report.

**CONCLUSION**

Based on the foregoing, it is hereby ordered that the Magistrate Judge's Report (ECF No. 31) is adopted and specifically incorporated herein; Plaintiff's objections (ECF No. 33) are overruled; Defendant Scott and Corley's motion to dismiss (ECF No. 16) is granted; Defendant Nationstar's motion to dismiss (ECF No. 17) is granted; and the Court finds moot Defendant Scott and Corley's motion to strike (ECF No. 29).

---

[1] The United States District Court for the Western District of Virginia once reviewed objections to a Magistrate Judge's Report that were copied directly from prior pleadings and determined that this practice does not constitute the submission of specific, written objections and does not entitle a plaintiff to *de novo* review. *See Veney v. Astrue*, 539 F. Supp. 2d 841, 845 (W.D.Va. 2008). In *Veney*, the plaintiff's objections were "an almost verbatim copy of the 'Argument' section" of the plaintiff's brief, and the court explained that it was improper for Plaintiff "to seek re-argument and reconsideration of her entire case in the guise of objecting." *Id.* at 844; *see also Hobek v. Boeing Company*, 2017 WL 3085856, *2 (D.S.C. July 20, 2017). The court explained: "'The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act..'" 539 F. Supp. 2d at 845 (quoting *Howard*, 932 F.2d at 509). Likewise, the Fourth Circuit has held that "to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). The court explained:

> To conclude otherwise would defeat the purpose of requiring objections. We would be permitting a party to appeal any issue that was before the magistrate judge, regardless of the nature and scope of objections made to the magistrate judge's report. Either the district court would then have to review every issue in the magistrate judge's proposed findings and recommendations or courts of appeals would be required to review issues that the district court never considered. In either case, judicial resources would be wasted and the district court's effectiveness based on help from magistrate judges would be undermined.

478 F.3d at 22.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
The Honorable Bruce H. Hendricks
United States District Judge

March 11, 2020
Charleston, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order within the time period set forth under Rules 3 and 4 of the Federal Rules of Appellate Procedure.